Accepting this stipulation as a statement of fact, I find the proper dutiable export value of the merchandise covered by these two appeals to be the unit invoice price, packing included. Judgment will be rendered accordingly.

(Reap. Dec. 8631)

Naumes Forwarding Service
(A. C. Weber) } v. United States

Entry No. 1426, etc.

(Decided August 31, 1956)

*Wallace & Schwartz* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Oliver, Chief Judge: The appeals for reappraisement, enumerated in schedule "A," attached hereto and made a part hereof, have been limited, by agreement between the parties, to "sewing machines, sewing machine heads or parts of sewing machines exported from Germany" that are covered by the entries listed in said schedule "A."

These appeals are before me on an agreed set of facts, sufficient to establish that cost of production, as defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for appraisement, and that such statutory value for the merchandise in question, as hereinabove identified, is the appraised value, less the amount added under duress, and I so hold.

As to all other merchandise covered by these appeals for reappraisement, they have been abandoned, and are, therefore, dismissed.

Judgment will be rendered accordingly.

(Reap. Dec. 8632)

Naumes Forwarding Service v. United States

Entry No. 5167, etc.

(Decided August 31, 1956)

*Wallace & Schwartz* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Oliver, Chief Judge: The appeals for reappraisement, enumerated in schedule "A," attached hereto and made a part hereof, have been

limited, by stipulation between the parties, to "sewing machines, sewing machine heads or parts of sewing machines exported from Germany" that are covered by the entries listed in said schedule "A."

These appeals are before me on an agreed set of facts, sufficient to establish that cost of production, as defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for appraisement, and that such statutory value for the merchandise in question, as hereinabove identified, is the appraised value, less the amount added under duress, and I so hold.

As to all other merchandise covered by these appeals for reappraisement, they have been abandoned, and are, therefore, dismissed.

Judgment will be rendered accordingly.

(Reap. Dec. 8633)

CHAS L. HUISKING Co., INC.; ET AL. v. UNITED STATES

Entry No. 800853, etc.

(Decided August 31, 1956)

*Lane, Young & Fox*, for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for reappraisement enumerated in schedule "A," attached to and made part of the decision herein, present a question of the proper dutiable value of certain 30- to 35-gallon and 50- to 55-gallon drums and casks of iron or steel imported from Norway, filled with duty-free cod-liver oil.

The parties hereto have stipulated and agreed that the market value or price of the involved drums and casks at the time of exportation to the United States, at which such or similar drums and casks were freely offered for sale to all purchasers in the principal markets of Norway, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was as follows:

30- to 35-gallon drums and casks_____ $1.70 (U. S. Cy.) each
50- to 55-gallon drums and casks_____ $2.00 (U. S. Cy.) each

It was further stipulated and agreed that there was no higher foreign value for such or similar drums and casks at the time of exportation thereof.